Sean C. Ferry (SBN 310347)
sferry@rasflaw.com
**ROBERTSON, ANSCHUTZ & SCHNEID, PL**
7676 Hazard Center Drive, Suite 500
San Diego, CA 92108
Telephone: (561) 241-6901 ext. 2036

Attorneys for Secured Creditor Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| **In re** <br><br> **Renee Anne Whitlock-Hemsouvanh fdba Whitlock Family Child Care,** <br><br> **Debtor.** | BK Case No.: 17-10301 <br> **Chapter 13** <br><br> R.S. No. RAS-1 <br><br> **MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY** <br><br> **Hearing Date: August 8, 2018** <br> **Hearing Time: 1:30 p.m.** <br> **Hearing Location: 450 Golden Gate Ave, 16th Floor, Courtroom 17, San Francisco, CA 94102** <br> **Judge: Dennis Montali** |

### I.  INTRODUCTION

Secured Creditor, Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2 (hereinafter referred to as the "Movant"), by and through the undersigned counsel, hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2) and for termination of the Co-Debtor Stay pursuant to 11 U.S.C. § 1301for cause on the grounds that Debtor has defaulted on the obligations secured by the subject property and Movant's interest in the property is not adequately protected.

## II. JURISDICTION

The motion is brought pursuant to Local Bankruptcy Rule 4001-1, 9013-1, and 9014-1 of the Local Rules of Practice for the United States Bankruptcy Court, Northern District of California and is supported by the concurrently filed notice and declaration, as well as all other papers and pleadings on file in the Debtor's bankruptcy case, and such other evidence as may be filed prior to, or presented at, the hearing(s) in this matter.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. § 362 and § 1301; 28 U.S.C. §157 and §1334, and it is a core proceeding within the definition of 28 U.S.C. § 157(b).

## III. RELIEF REQUESTED

Movant requests the Court enter an Order:

   a. Granting relief from the automatic stay to allow Movant to exercise all available rights and remedies with respect to the real property collateral under the Promissory Note and Deed of Trust (and related documents) and applicable non-bankruptcy law;

   b. Establishing that the Order hereon be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code;

   c. Granting Movant the authority to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding

   d. Waiving the 14-day stay set forth in Bankruptcy Rule 4001(a)(3); and

   e. For such other and further relief as is just and appropriate in the circumstances of this case.

## IV. FACTUAL BACKGROUND

The factual allegations herein are supported by the concurrently filed declaration. Debtor Renee Anne Whitlock-Hemsouvanh, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on April 20, 2017.

On December 14, 2005, Debtor AKA Renee Whitlock-Hemsouvanh executed and delivered a Promissory Note (the "Note") and Deed of Trust (the "Deed of Trust") securing payment of the Note in the amount of $532,000.00 to Argent Mortgage Company, LLC. The Deed of Trust was recorded on December 19, 2005, in Document 2005185848, in the Public Records of Sonoma County, California. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Deed of Trust, Assignment(s) of Deed of Trust, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

Co-Debtor, Kannha Hemsouvanh is liable on and/or has secured the aforementioned debt with the Debtor.

The Deed of Trust provides Secured Creditor a lien on the real property located in Sonoma County, California, and legally described in Exhibits. This property is located at the street address of: 3421 Bonita Vista Lane, Santa Rosa, California 95404.

The terms of the aforementioned Note and Mortgage have been in post-petition default, and remain in default, since September 1, 2017. See Secured Creditor's Declaration in Support of Motion for Relief from the Automatic Stay, filed concurrently with this motion and attached hereto as Exhibit "B".

As of June 7, 2018, Secured Creditor is due the following amount:

| Principal | $310,160.36 |
|---|---|

| | |
|---|---|
| Interest | $5,789.62 |
| Late Charges | $101.10 |
| Total Amount Due | $316,051.08 |

According to Movant's Broker's Price Opinion, the value of the property is $642,900.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Motion for Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2 (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2 The noteholder has the right to foreclose because noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

Co-Debtor Kannha Hemsouvanh has secured the aforementioned debt with the Debtor on the underlying obligation to the Secured Creditor. Pursuant to 11 U.S.C. §1301(c), the Secured Creditor hereby respectfully request relief from the co-debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applies to the Co-Debtor. In support of said request, it is respectfully submitted that the Co-Debtor received consideration for the claim held by the Secured Creditor

as least in the form of money loaned by the Secured Creditor. There is a default in the post-petition payments in the amount $16,850.60. Furthermore, it is respectfully submitted that the continuation of the stay as it pertains to the Co-Debtor would irreparably harm Secured Creditor in the absence of post-petition payments.

## V. LEGAL ARGUMENT

### A. "CAUSE" EXISTS JUSTIFYING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C § 362(d)(1)

"Cause" justifying relief from stay includes (but is not limited to) "lack of adequate protection of an interest in property" of the party requesting relief. 11 U.S.C. 362(d)(1). Whether there is adequate protection is a question of fact. *Matter of Plaza Family Partnership*, 95 B.R. 166, 171 (Bkrtcy. E.D.Cal. 1989); *In re O'Connor*, 808 F.2d 1393, 1395 (10th Cir. 1987). The debtor has the burden of proving that the secured creditor's interest in property (i.e., the collateral) is adequately protected. 11 U.S.C. § 362(g)(2); *In re Gauvin*, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982); *Matter of La Jolla Mortg. Fund v. Rancho Cajon Assocs.*, 18 B.R. 283, 288 (Bkrtcy. S.D. Cal. 1982); *Matter of Boomgarden*, 780 F2d 657, 663 (7th Cir. 1985). This includes proving "equity."

Adequate protection by way of an equity cushion is generally determined by subtracting the value of liens encumbering the property from the fair market value of the property and comparing the equity to the amount owed to the Movant. Thus, an essential component of the debtor's burden of proof in connection with an adequate protection claim is proving that there is equity in the property. *Matter of La Jolla Mortg*. Fund, supra, 18 B.R. at 288 [burden on debtor to prove all elements of adequate protection, including equity].

"Cause" is not specifically defined in the Bankruptcy Code. What constitutes "cause" for granting relief from the automatic stay is decided on a case-by-case basis. *Konremyer v. American Contractors Indemnity Co.*, 405 B.R. 915, 921 (9th Cir. BAP 2009). "Cause" includes

a debtor's failure to make post-petition mortgage payments. *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1982).

Movant lacks adequate protection as a result of Debtor and Co-Debtor's failure to make any of the post-petition payments due on the loan with Movant Since September 2017. Movant hasn't received any assurances from Debtor or Co-Debtor indicating that they intend to cure prior missed payments or that they will make any payments going forward. Accordingly, relief from stay should be granted so that Movant may exercise its rights under state law.

For all of these reasons, cause exists for the Court to grant relief from stay.

### B. The Recovery of Reasonable Attorneys' Fees Incurred throughout the Bankruptcy is Appropriate in Accordance with Loan Documents

According to the Loan Documents executed by and between Movant and Debtor, Movant is entitled to its costs and expenses in enforcing its interest to the extent not prohibited by applicable law. Specifically, Page 2 Section 7(E) of the Notice which can be found in Exhibit A states, "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

Movant is seeking $1,031 in attorney's fees as a result of the fees incurred in the filing of this motion. Part of those fees include a $181 filing fee while the remaining balance can be attributed to the amount incurred by Movant's attorneys in drafting this Motion.

As such, reasonable attorneys' fees are recoverable in accordance with the applicable loan documents.

### C. The 14-day Stay of Bankruptcy Rule 4001(a)(3) Should be Waived

As indicated above, cause exists to grant relief from the automatic stay in order to preserve

and protect the Property. If relief from the automatic stay is granted, the Court should waive the 14-day stay of Bankruptcy Rule 4001(a)(3) to allow Movant to avoid any further delay in exercising Movant's rights and remedies under the Loan documents and applicable non-bankruptcy law. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

**WHEREFORE**, based upon all of the above, Movant respectfully requests that this Court enter an order as follows:

    a.    Granting relief from the automatic stay and Co-Debtor stay to allow Movant to exercise all available rights and remedies with respect to the real property collateral under the Promissory Note and Deed of Trust (and related documents) and applicable non-bankruptcy law;

    b.    Establishing that the Order hereon be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code;

    c.    Granting Movant the authority to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding

- 7 -  CASE NO. 17-10301
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
Case: 17-10301   Doc# 56   Filed: 07/18/18   Entered: 07/18/18 11:19:09   Page 7 of 8

| | | |
|---|---|---|
| 1 | d. | Waiving the 14-day stay set forth in Bankruptcy Rule 4001(a)(3); and |
| 2 | e. | For such other and further relief as is just and appropriate in the circumstances of this case. |
| 3 | | |

4   Date: 7/18/2018

Robertson, Anschutz, & Schneid, P.L.
Attorney for Secured Creditor
7676 Hazard Center Drive, Suite 500
San Diego, CA 92108
Telephone: (561) 21-6901 ext. 2036

By: /s/ Sean C. Ferry
Sean Ferry (CA SBN 310347)
Email: sferry@rasflaw.com